IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                      )<br>            Plaintiff,                    )<br>                                                      )<br>vs.                                               )<br>                                                      )<br>JOHNNY STEVEN,                     )<br>                                                      )<br>            Defendant.               )<br>_____) | Case No. 19-CR-10166-GEB |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Early Termination of Probation **(ECF No. 12)** and The United States of America's Response to Defendant's Motion for Early Termination of Probation (ECF No. 13).  For the reasons stated below, the Court **DENIES** Defendant's Motion for Early Termination of Probation.

November 20, 2019, Defendant appeared before this Court and entered his plea of guilty to a one-count information charging him with accessory after the fact to transmission of wagering information in violation of 18 U.S.C. § 3, a Class A Misdemeanor.[1]  On that same day, Defendant was sentenced to a one-year term of supervised probation, and also ordered to pay a mandatory special assessment of $25.00 and a forfeiture judgment in the amount of $97,600.00.[2]

---

[1] ECF Nos. 1 and 5.
[2] ECF Nos. 5 and 9.

1

Defendant now files the present Motion asking the Court for an early termination of his probation so he may apply for financial assistance under the under the Paycheck Protection Program (PPP), which was established by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) on March 27, 2020.[3] The PPP authorizes billions in forgivable loans to small businesses to pay their employees during the COVID-19 crisis. Defendant owns an insurance business and states such assistance is needed to keep his current workforce employed through the COVID-19 pandemic.

Under the CARES Act, Congress provided the U.S. Small Business Administration (SBA) authority to issue regulations to implement the PPP.[4] Previously, the SBA put into place a federal regulation prohibiting certain business owners on probation from applying for PPP funds.[5] This is the reason for Defendant's request to terminate his probation. If his probation is ended, his business would be eligible for to apply for a PPP loan.

However, it seems the regulation has been revised, effective June 24, 2020, to now only prohibit business owners on probation for certain felonies from applying for PPP funds. This revised rule, which was published in the Federal Registrar on June 26, 2020, provides an applicant is ineligible for a PPP loan if:

---

[3] Pub. L. 116-136, March 27, 2020, 134 Stat 281 at § 1102.  On April 24, 2020, President Trump signed the Paycheck Protection Program and Health Care Enhancement Act (Pub. L. 116-139), which provided additional funding and authority for the PPP.  On June 5, 2020, the President signed the Paycheck Protection Program Flexibility Act of 2020 (Pub. L. 116-142), which changed provisions of the PPP relating to the maturity of PPP loans, the deferral of PPP loan payments, and the forgiveness of PPP loans.

[4] *See* Pub. L. 116-136 at § 1114.

[5] *See* Business Loan Program Temporary Changes; Paycheck Protection Program (Interim Final Rule), 85 Fed. Reg. 73, 20811, 20812 (April 15, 2020), as amended by Business Loan Program Temporary Changes; Paycheck Protection Program —Additional Revisions to First Interim Final Rule, 85 Fed. Reg. 118, 36717 (June 18, 2020) (to be codified at 13 C.F.R. pt. 120).

> **An owner of 20 percent or more of the equity of the applicant** is presently incarcerated or, for any felony, presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction; or has been convicted of, pleaded guilty or nolo contendere to, or **commenced any form of parole or probation (including probation before judgment) for, a felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance within the last five years or any other felony within the last year.**[6]

Defendant is before the Court having been convicted and placed on probation for a misdemeanor offense. Therefore, it appears under the revised regulation, Defendant is no longer prohibited from applying for a PPP loan, which was the sole basis for his request for early termination from probation. Because Defendant entered into an agreement with the United States to complete a one-year term of probation, and it appears he is no longer precluded from applying for PPP assistance, the Court declines to grant the relief sought.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Probation (**ECF No. 12**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of June, 2020.

s/Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[6] *See* Business Loan Program Temporary Changes; Paycheck Protection Program—Additional Eligibility Revisions to First Interim Final Rule, 85 Fed. Reg. 124, 38301-38304 (June 26, 2020) (to be codified at 13 C.F.R. pt. 120); *see also Paycheck Protection Program Loans Frequently Asked Questions as of June 25, 2020*, https://www.sba.gov/sites/default/files/2020-06/Paycheck-Protection-Program-Frequently-Asked-Questions%20062520-508.pdf at question 12 and n.4 (lasted visited June 29, 2020); *PPP Borrower Application Form Revised June 24, 2020*, https://home.treasury.gov/system/files/136/PPP-Borrower-Application-Form.pdf (lasted visited June 29, 2020).